UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IVAN BERMUDEZ | No. 20 CR 525-2<br><br>Judge Gary S. Feinerman |

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the reasons that follow, the government believes a sentence at the low-end of the Guidelines range—24 months' imprisonment—would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

**I.    Preliminary Advisory Sentencing Guidelines Calculation**

The government agrees with the criminal-history and offense-level calculations set forth in the Presentence Investigation Report submitted by the United States Probation Office. The defendant's total offense level is 13 and his criminal history category is IV, resulting in an advisory Guidelines range of 24 to 30 months' imprisonment.

**II.   Defendant Should Receive a Sentence at the Low End of the Guidelines**

A sentence at the low end of the Guidelines is sufficient, but not greater than necessary, to comply with the principles set forth in 18 U.S.C. § 3553(a).

**A.    Nature and Circumstances of the Offense**

During the weekend of May 30 and 31, 2020, there were numerous protests held in the city of Chicago, related to the death of George Floyd in Minneapolis, Minnesota. After hours of peaceful protests, the days devolved into civil unrest and

riotous behavior. In a challenging and emotional time in our city's and nation's history, defendant took advantage of the situation and broke the law to further his own interests, causing real damage in the process.

More specifically, on or about May 31, 2020, Bermudez spoke with co-defendant William Lorenz by phone about the looting going on in Chicago. Lorenz said he wanted to go "score," which Bermudez understood to mean to go get promethazine with codeine from Walgreens pharmacies. Bermudez took the bus to North Avenue and Pulaski Road and met Lorenz by the Walgreens. They went inside and found the Walgreens already looted. While inside, Bermudez grabbed one bottle of promethazine. Bermudez went to a nearby store and then called Lorenz to meet back up. Bermudez got in Lorenz's car. They then drove to the Walgreens near Kedzie Avenue and Armitage Avenue.

Once near the Walgreens near Kedzie and Armitage avenues, Bermudez observed that the outer door was open at the Walgreens store. Bermudez and Lorenz went in looking for promethazine with codeine. In Bermudez's presence, Lorenz used a sledgehammer to break a window on a door to the pharmacy. Lorenz and Bermudez went inside the pharmacy in search of bottles of controlled substances, but no controlled substances were taken.[1]

---

[1] During his video-recorded post-arrest interview, Bermudez said that, at this point, he and Lorenz went into three other Walgreens and a Jewel before going to the Walgreens at Irving Park and Pulaski. However, the government could not corroborate these statements.

Later, Bermudez and Lorenz drove in Lorenz's car to the Walgreens near Irving Park Road and Pulaski Road. Lorenz used the sledgehammer to break the window on the pharmacy door's window, and then Lorenz and Bermudez entered the pharmacy in search of controlled substances. The police arrived and Bermudez and Lorenz left the pharmacy without removing any items.

\* \* \*

Not only did defendant's actions—both personally and collectively with others—cause direct physical damage to Walgreens, it is reasonable to infer that customers of Walgreens (including those needing prescription medications) were also harmed by the store closures that were required to clean up the damage.

### B. History and Characteristics of the Defendant

Defendant has a lengthy criminal history, including a conviction for unlawfully possessing a firearm. It is true enough that some of his past arrests and convictions are for marijuana-related conduct that would not be criminal today under Illinois state law. But driving under the influence remains a serious crime that makes our city's roads less safe. And by the same token, defendant has multiple convictions for driving without legal authority to do so. Again, conduct that increases the risk of harm on our roads, whether physical or financial.

In short, for over 20 years, defendant has demonstrated a disregard for the law, and that disregard culminated in his actions on May 31, 2020.

### C. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

A custodial sentence in this case will accomplish the goal of general deterrence. Such a sentence would make clear that just because other people are breaking the law en masse, it does not mean breaking the law is acceptable or will go unpunished. A custodial sentence in this case would deter others from making the same bad choices defendant made.

In addition, a custodial sentence will afford specific deterrence. Defendant has never served a substantial term of custody notwithstanding his lengthy criminal history. A 24-month term of imprisonment will incentivize defendant to abide by his own stated goal of redirecting his life to focus on providing for his family.

## III. Restitution

Defendant and co-defendant Lorenz caused damage to Walgreens in the amount of $7,851, which defendant has agreed to repay as restitution. This restitution is to be paid jointly and severally with the co-defendant.

## IV. Government's Proposed Terms of Supervised Release

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government recommends the imposition of a term of supervised release of 18 months. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in the defendant's

4

rehabilitation and reintegration into society, the government recommends that the term of supervised release include the conditions set forth below:

### A. Mandatory Conditions

The following mandatory conditions would serve to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation:

- Not commit another federal, state or local offense;

- Not unlawfully possess a controlled substance;

- Submit to the collection of a DNA sample from the defendant at the direction of the U.S. Probation Office if the collection of such a sample is authorized pursuant to 42 U.S.C. § 14135a(a); and

- Refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.

### B. Discretionary Conditions of Supervision

The following conditions would serve to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes:

- Remain within the jurisdiction where the defendant is being supervised, unless granted permission to leave by the court or a probation officer (Discretionary Condition #14);

- Report to the probation officer as directed by the probation officer with 72 hours of release (Discretionary Condition #15);
- Permit the probation officer to visit the defendant at home, work, school, or other reasonable location specified by a probation officer, at any reasonable time, and to confiscate any contraband in plain view of the officer (Discretionary Condition #16);
- Notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer (Discretionary Condition #17);
- Notify a probation officer within 72 hours of being arrested, charged with a crime, or questioned by a law enforcement officer (Discretionary Condition #18);
- Provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release. (Special Condition #6)
- Within 72 hours of any significant change in economic circumstances that might affect your ability to pay restitution, fines, or special assessments, notify the probation officer of the change (Special Condition #7)

- Not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court (Special Condition #11).

The following conditions would support the defendant's rehabilitation and reintegration into the community and would help ensure that the defendant is engaged in lawful pursuits:

- Provide financial support to any dependents if financially able to do so (Discretionary Condition #1);

- Seek, and work conscientiously at, lawful employment or, if not gainfully employed, pursue conscientiously a course of study or vocational training that will equip defendant for employment (Discretionary Condition #4);

- Refrain from knowingly meeting or communicating with any person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity, as well as not meet or communicate with William Lorenz (Discretionary Condition #6);

- Refrain from any use of alcohol (Discretionary Condition #7);

- Refrain from possessing a firearm, destructive device, or other dangerous weapon (Discretionary Condition #8);

- Participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum

7

of 104 tests per year, as well as in a mental health treatment program, and take any medication prescribed by the provider. (Discretionary Condition #9);

- Participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision (Special Condition #2);
- If unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 300 hours. (Special Condition #3);
- Not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment. (Special Condition #5)
- File accurate income tax returns and pay all taxes, interest and penalties as required by law. (Special Condition #8)
- Pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of gross earnings minus federal and state income tax withholdings. (Special Condition #10)

- You shall observe one Reentry Court session, as instructed by your probation officer (Special Condition #13)

## V. Conclusion

For the foregoing reasons, the government requests that the Court sentence Ivan Bermudez to a term of imprisonment at the low end of the Guideline range, followed by 18 months' supervised release.

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By:   /s/ *Andrew C. Erskine*
      ANDREW C. ERSKINE
      Assistant U.S. Attorney
      219 South Dearborn Street, 5th Floor
      Chicago, Illinois 60604
      (312) 353-1875

      Dated: September 24, 2021