UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IVAN BERMUDEZ | No. 20 CR 525-2<br><br>Judge Gary Feinerman |

**DEFENDANTS SENTENCING MEMORANDUM AND POSITION PAPER REGARDING PSR**

NOW COMES, the Defendant. Ivan Bermudez, through his attorney. Michael A. Johnson and respectfully files the following Sentencing Memorandum and Position Paper Regarding the PSR. In support thereof, Mr. Bermudez states as follows:

I. **Introduction**

Ivan Bermudez is a 43-year old loving son, partner, father, step-father to five children. Mr. Bermudez graduated High School at Lane Technical School in Chicago. Mr. Bermudez went on and attended technical schools and Jr. College to receive technical certificates to move toward a more rewarding career. At an early age Mr. Bermudez lost sight of what was important and made a series of horrible decisions which culminated in the events which lead up to the current situation. Mr. Bermudez, although he desperately wishes he could change his mistakes, he cannot take back what he did and takes full responsibility for his conduct. He comes before this

court ready and willing to be held accountable for his actions but implores this court to resist the urge to give up on a person who not only has the ability, but the will to once again become a contributing member of society. As will be further expounded upon below, a sentence below that suggested in the PSR would certainly be "sufficient, but not greater than necessary" to effectuate the goals of sentencing established by Congress. 18 U.S.C. Sec. 3553(a).

## II. Offense Level Calculations and Objections

Mr. Bermudez plead guilty to one count of conspiracy to, without authority, enter and attempt to enter, and remain in, the business and property of a person registered with the Drug Enforcement Administration under Section 302 of the Controlled Substances Act (21 U.S.C. Sec. 822) namely, a pharmacy, with the intent to steal a material and compound containing a quantity of a controlled substance, and to use a facility in interstate commerce to facilitate such entry, attempted entry, and remaining in such premises and property, in violation of Title 18, United States Code, Section 2118 (d).

Mr. Bermudez agrees with the Total Offense Level of 13. The Criminal History Category of IV, is questioned and challenged. The lengthy list of arrests and subsequent convictions are not in question, but if we take

2

a close look at the nature of the offenses, the Criminal History Level IV may be overstated ( Sec. 4A1.3 ). We do not challenge the accuracy but, based on changes to certain statutes, the effects that many of the charges and convictions would have today. At the present time Illinois law has decriminalized Possession of Marijuana in certain instances. Without going into each and every arrest or conviction of Mr. Bermudez in relation to his possessing Marijuana, the argument can be made that the majority of his Marijuana arrests would not result in an arrest under today's laws in Illinois. It is clear that Mr. Bermudez had and may very well still have a substance abuse issue in relation to the use of marijuana. With the exception of the conviction for the Unlawful Possession of a Weapon in 2000, when Mr. Bermudez was 21 years of age, the remaining arrests and convictions were for driving related offenses. Mr. Bermudez has pending at the present time a charge of Driving on a Revoked/ Suspended Driver's License. The driving offenses, some of which are more serious than others and we do not excuse the conduct, place Mr. Bermudez in a Criminal History Category that overstates the seriousness of his criminal history and/or the likelihood that he will commit other crimes. We believe a more appropriate criminal history level to be III.

3

### III. Sentencing Considerations Pursuant to 18 U.S.C. Sec. 3553(a).

After first calculating the applicable sentencing range, district courts are then tasked with imposing a sentence that is reasonable and not greater than necessary under 18 U.S.C. Sec. 3553 (a).

Sixteen years ago, the United States Supreme Court ruled that the Sentencing Guidelines are only advisory in nature. *United States v. Booker,* 125 S.Ct.738,765-67 (2005). As a result, this court maintains unfettered discretion to fashion a sentence that punishes the offender, as opposed to just the crime. *Pepper v. United States*, 562 U.S. 476, 131 S.Ct.1229, 1240 (2011). Though appellate courts presume a guideline sentence is reasonable, a guideline sentence is not reasonable *per se. United States v. Cunningham*, 429 F. 3d 673,676 (7th Cir.2005). In fact, sentencing courts can treat the applicable guideline range as presumptively unreasonable. *Nelson v. United States,* 129 S. Ct.890, 891 (2009). The guideline range is only but a single factor for this court to consider. *Kimbrough v. United States,* 552 U.S. 85, 92 (2007). A sentence's reasonableness "depends on its conformity to the sentencing factors set forth in 18 U.S.C. Sec. 3553 (a)(2)." *Cunningham*, 429 F.3d at 675. Sentencing courts shall only impose "a sentence sufficient, but not greater than necessary to comply with the purposes set forth" under 18 U.S.C. Sec. 3553. *United States v. Dean,* 414 F.d3 725, 728 (7th Cir.2005).

4

So long as the sentence is "rooted in Sec.3553(a), a sufficiently individualized to the circumstances of [the] case, and generally associated with the sentencing leniency, "a below guideline's sentence is appropriate, United *States v. Wachowiak*, 496 F 3d. 744, 745 (7th Cir.2007).

In determining a sentence that reflects this directive, section 3553(a) specifically directs courts to consider:

'the nature and circumstances of the offense and the history and characteristics of the defendants; the kinds of sentences available; the defendant's guideline range; any relevant policy statements; the need to avoid unwarranted sentence disparities among defendants with similar records; who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense." 18 U.S.C. Sec. 3553(a).

The statute further directs the sentencing court to impose the shortest sentence possible that (A) reflects "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (B) deters future criminal conduct; (C) protects the public from the defendant ; and (D) provides the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. Sec. 3553.

5

In fashioning a sentence that is sufficient but not greater than necessary, Mr. Bermudez respectfully asks this court to consider the totality of the circumstances surrounding the instant offense, his personal history and characteristics, the need to avoid unwarranted sentence disparities, and his low risk of reoffending.

### A. Nature and seriousness of the Offense

May 31, 2020, is a day we will always remember and Mr. Bermudez wishes he could reverse course and stayed home that night. The Civil unrest that unfolded on that night affected us all and there was no excuse for the actions of many who were involved. Mr. Bermudez does not make any excuses for his conduct and will not shy away from accepting responsibility for his participation. Mr. Bermudez understands the severity of his actions and acknowledges that his offense contributed to the issues of the day and deeply affected those who care about him.

We ask the court to recognize Mr. Bermudez's cooperation in this matter and his early admission of guilt in his plea. Not in any attempt to minimize his participation in this conspiracy, we feel obligated to emphasize his actions. As in any conspiracy, each actor is responsible for the foreseeable actions of his co-conspirators. Pursuant to our plea agreement, Mr. Bermudez has accepted the two-level increase in the

6

base offense based on the possession and use of a dangerous weapon, a sledgehammer, USSG Sec. 2B2.1(b)(4). It is uncontradicted that the sledgehammer was used by the Co-Conspirator to damage the property of two pharmacy doors. Mr. Bermudez never possessed or used the sledgehammer to cause any damage. In addition Mr.Bermudez understands his responsibility for the damage caused by the use of the sledgehammer in the amount of $7,851 which exceeds $5,000, leading to an increase of the base offense level by one. USSG Sec. 2B2.1(b)(2)(B). All being said, Mr. Bermudez participation of that fateful night was inexcusable.

### B. Mr. Bermudez's History and Characteristics

The personal data collected and reported in the PSR for all intensive and purposes is an accurate summary of who Mr. Bermudez was and is today. The question is where he goes from here.

Mr. Bermudez currently has some potentially serious medical issues which at the present time have not been resolved. At the time of this writing Mr. Bermudez has scheduled a Colonoscopy (see attached). He has been suffering from rectal bleeding and is concerned about possible Colon Cancer. Several of his family members have suffered from and lost their battle with Colon Cancer.

7

Mr. Bermudez, above all else is a caring and loving father and step-father. Of utmost concern at the present is caring and supporting his children. The youngest child, Jaivon Bermudez aged 5 is Autistic. A recent IEP from the Chicago Public Schools (see attached summary) reflects the seriousness of his condition and need for constant support. Mr. Bermudez is presently employed at the Restaurant Depot and has been there for the past two years. He is a hard worker who is respected by his co-workers (see attached). In addition, he has worked nights, part time at the Serbian Village Restaurant (see attached).

An issue that must be addressed is that of Substance abuse. Mr. Bermudez has been a long time Marijuana user. Although we accept the fact that Marijuana is now legal in Illinois for recreational use, it is still an issue if abused. It is evident not just from Mr. Bermudez' comments to the Probation Department, a close look at his Criminal Record reflects on a person that has abused Marijuana. Mr. Bermudez is ready and willing to deal with this issue at the present time.

## CONCLUSION

Mr. Bermudez has expressed clear remorse for his offense and will never re-offend. Despite his transgressions, he still has great potential for continued success. As the parsimony provision commands, this

8

court should impose the minimum sentence necessary to accomplish the rehabilitative and other purposes of criminal punishment. Mr. Bermudez pleads this Honorable Court to impose a sentence sufficient, but not greater than necessary to comply with the various sentencing considerations.

Respectfully Submitted,

Michael A. Johnson

415 N. LaSalle Street, suite 30A

Chicago, IL. 60654

(312)222-0660